IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
RONA STACY,                          )
                                     )
              Plaintiff,             )
                                     )
v.                                   )  Case No. CIV-22-039-KEW
                                     )
LEFLORE COUNTY                       )
HOSPITAL AUTHORITY D/B/A             )
EASTERN OKLAHOMA MEDICAL             )
CENTER, and                          )
BOB CARTER, an individual,           )
                                     )
              Defendants.            )
```

## OPINION AND ORDER

This matter comes before the Court on Defendant Bob Carter's ("Defendant Carter") Motion to Dismiss (Docket Entry #21). Plaintiff Rona Stacy ("Plaintiff") initiated this action on February 2, 2022. Plaintiff has amended this complaint twice. First on April 22, 2022, and then again on June 30, 2022. In her Second Amended Complaint (Docket Entry #19), Plaintiff alleged that Defendant Carter tortiously interfered with her employment relationship with the Eastern Oklahoma Medical Center ("EOMC") and that he interfered with her prospective economic advantage. (Second Amended Complaint ¶¶ 63-79). Defendant Carter asserts that both claims against him should be dismissed because Plaintiff failed to state a viable claim. Both parties consented to the undersigned judge on October 11, 2022.

1

**Background**

Plaintiff alleges that on or about May 6, 2021, Defendant Carter called Plaintiff into a meeting that ultimately ended in her termination. (Second Amended Complaint at ¶34). During this meeting Defendant Carter allegedly told Plaintiff that she was "old school" and "too old to change." (Second Amended Complaint ¶35). He also allegedly told her she needed to retire since she would be eligible for Social Security and Medicare in June 2021. (Second Amended Complaint at ¶36). Defendant Carter went on to tell Plaintiff that she was not a team player – a statement that he could not provide specifics to support and that was contrary to her past three glowing performance reviews. (Second Amended Complaint at ¶37). He allegedly had a resignation letter drafted for Plaintiff and told her if she signed it, she would be paid out her PTO and would be paid through June 30, 2021. (Second Amended Complaint at ¶38). To Plaintiff's knowledge she would not receive these payments if she did not sign the letter. (Second Amended Complaint at ¶38).

Based on these alleged facts the Plaintiff asserts that Defendant Carter tortiously interfered with her employment relationship with EOMC and that he interfered with her prospective economic advantage. (Second Amended Complaint at ¶¶63-79). Defendant Carter asserts that these claims must be dismissed

because Plaintiff fails to state a viable claim pursuant to Fed. R. Civ. P. 12(b)(6).

## Standard of Review

Defendant Carter seeks dismissal of Counts II and III against him based on Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted. *Bell Atlantic* changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions. *Khalik v. United Airlines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citation omitted). *Bell Atlantic* stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 540, 570 (2007). The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic*, 550 U.S. at 546.

The Court of Appeals for the Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint: if they are so general that they

encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The *Bell Atlantic* case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). *Khalik*, 671 F.3d at 1191. Rather, in *Khalik*, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of *Erickson v. Pardus*, 551 U.S. 89 (2007), wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id*. at 93.

## Analysis

Defendant Carter challenges the sufficiency of Plaintiff's allegations surrounding the claims for tortious interference and interference with prospective economic advantage. Defendant Carter argues that Plaintiff has failed to state a claim for either tort. To state a claim for tortious interference a party must show: "(1) interference with a business or contractual right;(2) malicious and wrongful interference that is neither justified, privileged, nor excusable; and 3) damages proximately sustained as a result of the interference." *Tuffy's Inc. v. City of Oklahoma City*, 212 P.3d 1158, 1165 (Okla. 2009). To state a claim for intentional

4

interference with prospective economic advantage a party must allege: (1) the existence of a valid business relation or expectancy, (2) knowledge of the relationship or expectancy on the part of the interferer, (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy, and (4) resultant damage to the party whose relationship has been disrupted. *Gonzalez v. Sessom*, 137 P.3d 1245, 1249 (Okla. Civ. App. 2006) (citing *Boyle Services Inc. v. Dewberry Design Group, Inc.*, 24 P.3d 878, 880 (Okla. Civ. App. 2001).[1]

Generally, employees cannot be held liable for these interference claims as both forms of interference must come from a third party. *See Martin v. Johnson*, 975 P.2d 889, 896 (Okla. 1998) (internal citations omitted). But this rule is not absolute. An employee is only protected if they act in good faith and their actions are for a legitimate business purpose. *Id*. Both the Oklahoma Supreme Court and federal courts in Oklahoma have recognized that employees can be liable for tortious interference if the employee acts in their own interest and contrary to the interests of their employer. *See e.g., Martin,* 975 P.2d at 896–97 ("If an employee acts in bad faith and contrary to the interests

---

[1] While the claims for tortious interference and intentional interference with prospective economic advantage are similar, the courts have repeatedly stated that they are not synonymous. *Gaylord Entertainment Co. v. Thompson,* 658 P.2d 128, 150 n. 96 (Okla. 1998). Nevertheless, since this motion's main contention pertains to an exception that applies to both, the Court will refer to both claims as the interference claims.

5

of the employer in tampering with a third party's contract with the employer we can divine no reason that the employee should be exempt from a tort claim for interference with contract"); *McLaughlin v. Bd. of Regents of Univ. of Oklahoma*, 566 F. Supp. 3d 1204, 1218 (W.D. Okla. 2021) ("an employee or agent of the contracting party may be liable for [interference] if it is established that the agent acted maliciously or for his/her own purposes, in such a way as to take their actions outside the scope of their employment").

Defendant Carter's main contention is that Plaintiff has alleged no facts that support a conclusion or inference that he was acting in furtherance of his own interests and against the interests of EOMC. Therefore, Defendant Carter cannot be held liable for either form of interference. One case which Defendant Carter relies on to support his position is *Johnson v. Okla. Ex rel. Okla. Dep't of Veteran Affairs*, Case No, 20-CV-1248-R, 2021 WL 1063803 (W.D. Okla. Mar. 19, 2021). In *Johnson*, District Judge David Russell of the Western District of Oklahoma dismissed the interference claims against two employees because there were no factual allegations to support the conclusion that they acted in furtherance of their own interests. *Id*. at *3. But Judge Russell allowed the interference claims to proceed against another employee whom the plaintiff alleged had begun issuing unwarranted disciplinary actions against her after she complained that he discriminated against her based

6

on her national origin. *Id*. Judge Russell held this was "sufficient to state a tortious interference claim." *Id*.

Plaintiff asserts that she has provided factual support which would lead one to reasonably believe that Defendant Carter did act in his own interests and against the interests of EOMC. She relies on *Boothe v. Am. Fid. Assurance Co.*, No. CIV-22-00372-PRW, 2022 WL 2717641 (W.D. Okla. July 13, 2022). In *Boothe,* an employee sued her former supervisor for tortious interference and interference with economic advantage. The employee alleged that the supervisor made racist remarks towards her and then "concocted a pretextual basis" to terminate her employment to cover up the supervisor's discriminatory actions. *Id.* at *4. District Judge Patrick Wyrick in the Western District of Oklahoma held these facts were enough to support a conclusion that the supervisor was acting in their own interest instead of those of the company*. Id.*

The Court agrees that like the employee in *Boothe*, Plaintiff here has provided factual allegations which support a conclusion that Defendant Carter was acting in his own interest and against the interest of EOMC. Plaintiff alleges that before May 6, 2022, she had only received positive performance reviews and consistently performed the workload of four different positions. (Second Amended Complaint at ¶¶19-23; 25-28). Despite these positive reviews, Defendant Carter allegedly still terminated Plaintiff's employment and cited untrue claims to support doing

so. (Second Amended Complaint at ¶¶36-37). Defendant Carter allegedly could not provide specifics to support his claims that Plaintiff was not a team player and had missed deadlines. (Second Amended Complaint at ¶¶37). Plaintiff had never been disciplined for these alleged mistakes. (Second Amended Complaint at ¶¶37). These facts could reasonably lead one to believe that Defendant Carter acted against the interests of his employer EOMC, when he fired an employee who allegedly had always produced good work without valid reason for doing do.

Defendant also asserts that because Plaintiff failed to allege that Defendant Carter personally benefited from the alleged interference, these claims must fail. But facts that allege one acted on their own discriminatory, personal beliefs is enough to allege that an employee acted in their personal interests instead of the interests of their employer. *McLaughlin*, 566 F.Supp.3d at 1219. Plaintiff did allege that Defendant's actions were based on his discriminatory beliefs regarding age. This is supported by the allegations that he told Plaintiff she was "old school" and "too old to change." (Second Amended Complaint ¶ 35). Plaintiff also alleges that Defendant Carter acted in his own interest when he presented fabricated reasons to the Oklahoma Employment Security Commission ("OESC") regarding the reasons for Plaintiff's termination. (Second Amended Complaint at ¶¶45-48). This fact reasonably leads one to the inference that Defendant Carter was

8

again acting in his own interest by covering up his discriminatory reasons for firing Plaintiff.

At this early stage of litigation, the Court must accept all of Plaintiff's allegations as true and draw all reasonable inferences in favor of Plaintiff. *Brokers' Choice of Am., Inc. v. NBC Univ., Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017). Here, Plaintiff has set forth the minimal factual support required to support her claims. Her allegations are sufficient for one to make the reasonable inference that Defendant Carter acted in his own interest and against the interests of his employer, EOMC, when he terminated Plaintiff's employment. This is enough to establish claims against Defendant Carter for tortious interference with Plaintiff's employment relationship with EOMC and interference with Plaintiff's prospective economic advantage.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Docket Entry #21) is hereby **DENIED**.

IT IS SO ORDERED this 19th day of December 2022

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE